FREDERICK M. CROSSETT, Appellant, *v.* I. OSGOOD CARLETON,
Respondent.

*Commission suppressed for unfair conduct — new commission not issued.*

Where a commission to take testimony has been suppressed because of unfair and
overreaching conduct on the part of the party procuring it, the discretion exer-
cised by the Special Term, in denying the motion of such party for leave to
reissue the old commission or issue a new one, will not be disturbed.

APPEAL by the plaintiff, Frederick M. Crossett, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on the
26th day of December, 1899, denying the plaintiff's motion for leave
to reissue a commission directed to be issued by an order dated
November 3, 1898, and denying a further motion for leave to issue
a new commission to re-examine witnesses examined under a com-
mission issued under said order of November 3, 1898.

*Henry S. Van Duzer,* for the appellant.

*R. Burnham Moffat,* for the respondent.

BARRETT, J. :

Upon the 3d of November, 1898, an order was made herein, upon
the plaintiff's application, directing that a commission issue to
examine witnesses on his behalf in California. The commission was
accordingly issued ; and it was subsequently executed and returned.
Thereupon the defendant moved to suppress the depositions upon
the ground that they had been improperly taken and that the
plaintiff's conduct in the course of the examinations had been
unfair and overreaching. This motion was granted upon a full
hearing, the court in its order finding the following facts, namely,
that the " depositions were improperly and irregularly taken and
returned, and that the plaintiff has practiced unfair and overreach-
ing conduct in the course of the proceedings for the execution of
said commission and the taking of said depositions to the prejudice
of the defendant in this action." This order was not appealed from,
and the finding of unfair and overreaching conduct stands in full
force, unreversed and unmodified. The plaintiff then moved for

leave to reissue the old commission or to issue a new one, and his motion was denied. It is from the order denying the latter motion that he now appeals.

We think the learned justice at Special Term properly exercised his discretion in denying that motion. The court, in suppressing depositions under section 910 of the Code of Civil Procedure, may either order the commission to be executed anew or deprive the party abusing its process of the benefit thereof, as it shall deem most fit. (*Commercial Bank* v. *Union Bank*, 11 N. Y. 203; *Butler* v. *Flanders*, 44 N. Y. Super. Ct. 532.) If the deposition here had been suppressed solely because of an irregularity, it would doubtless have been proper, upon suitable terms, to permit re-execution. Not so, however, where the suppression was because of unfair and over-reaching conduct to the prejudice of the defendant. To permit a re-execution of the commission under such circumstances would be unjust and oppressive to the defendant. It would practically give the plaintiff leave to secure the fruits of his previous misconduct and an opportunity to renew his practices with greater circumspection and — possibly — success. The plaintiff is not necessarily deprived of the testimony of the witnesses whose depositions have been suppressed. He may still produce them upon the trial, where they can be subjected to an oral cross-examination. Should he be unable to secure their attendance, he may have to suffer the penalty of a nonsuit or a compulsory discontinuance. In that event, however, he may commence anew and in the new action apply for a commission in the ordinary way. Such a motion in any new action can then be dealt with as the law and the practice require. But whatever may be the ultimate consequences to the plaintiff of his misconduct, he cannot in this action secure a favorable exercise of discretion in order to extricate himself from the dilemma in which he has placed himself by his unfair practices.

The order appealed from was right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.